QUESTION: May the Governor's discretionary-contingency funds provided for in s. 216.231(2), F.S., be legally expended for: Total travel expenses, including lodging and meals, for the Governor when his expenses exceed the $25 per diem allowed by law or travel expenses and per diem for the wife of the Lieutenant Governor?
SUMMARY: Under s. 216.231(2), F.S., the Governor's contingentdiscretionary funds may be used to pay the Governor's total travel expenses in carrying out his official duties, including lodging and meals, when his expenses exceed the $25 per diem allowed by law, and to pay the travel expenses and per diem for the wife of the Lieutenant Governor when she and the Lieutenant Governor are "standing in" for the Governor and his wife at public activities and functions that serve a governmental or public purpose. Chapter 71-84, Laws of Florida (s. 216.231[2], F.S.), was apparently adopted in response to the opinion of this office in AGO 071-28, disapproving the use by the Governor of his "contingentdiscretionary" fund for his expenses in connection with certain public activities and ceremonial functions and stating that legislative authorization of such expenditures from the contingentdiscretionary fund would be desirable. The following comment made in that opinion is relevant here: No present or future governor of the state should be expected to personally bear the expenses of such public activities or to become beholden to others who might donate or contribute funds for his use in defraying the necessary costs thereof. Following the adoption of Ch. 71-84, supra, I reconsidered in AGO 071-160 the question of the proper expenditures that could be made from such fund in the light of the new legislative authorization and concluded that the Legislature intended to authorize the Governor, among others, . . . in his sole discretion to expend funds appropriated to him for "discretionary contingencies" for any purpose related to the performance of any of his varied constitutional or statutory duties and responsibilities . . . . It was ruled that a special subsistence allowance for security agents and aides of the Governor, when required to travel with the Governor and stay in lodgings at rates in excess of that covered by the regular per diem under s. 112.061, F.S., may be authorized by the Governor, in his discretion, to be paid from his contingentdiscretionary fund. Similarly, the Governor should be authorized, in his sole discretion, to determine the hotel accommodations which will be best suited to carrying out his constitutional or statutory duties and responsibilities in connection with a particular public activity or function and to pay the excess over the statutory per diem from his contingent-discretionary fund. The first part of your question is, therefore, answered in the affirmative. I ruled also in AGO 071-160 that the travel expenses of the Governor's wife could be paid from the contingent-discretionary fund when such travel is directly related to activities and functions that serve a governmental or public purpose, and that, when called upon to act for or represent the Governor at a public function as the "first lady" of the state, or to jointly appear or attend with the Governor or to engage or participate in any activity, function, gathering, meeting, or ceremonial or commemorative activity or function which is directly related to, and will serve to beneficially contribute to or promote, "general government, intergovernmental cooperation, and to enhance the image of the state," her per diem and travel expenses are proper expenditures from the Governor's contingent-discretionary fund. Similarly, when the Lieutenant Governor and his wife are "standing in" for the Governor and his wife at the same types of functions or activities, the Governor may, in his discretion, authorize the travel expenses of the Lieutenant Governor's wife to be met from the contingent-discretionary fund, as well as the excess over the statutory amount required to be paid for suitable hotel accommodations for the use of the Lieutenant Governor in carrying out his official duties in this respect. As noted in AGO 071-160, the question of what is a proper expenditure from the fund in question is initially for the Governor, in the exercise of a sound executive discretion, to decide — and, of course, ultimately for the Auditor General. But in response to your inquiry, it is my view that the travel expenses of the Lieutenant Governor's wife may properly be paid from the Governor's contingentdiscretionary fund when incurred in the circumstances outlined above.